[679 NYS2d 703]

In the Matter of DAVID M. WEISS (Admitted as DAVID MICHAEL WEISS), a Suspended Attorney. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 9, 1998

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset (*Ruthann E. Geary* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was served with a petition containing one charge of professional misconduct against him. After a hearing, at which the respondent appeared and testified, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any response thereto.

The petition alleges that the respondent was guilty of professional misconduct by failing to cooperate with a legitimate investigation of the Grievance Committee as to his alleged failure to register as an attorney and to pay the fees required by Judiciary Law § 468-a since approximately March 1982.

On April 6, 1993, the Grievance Committee sent the respondent a letter informing him that an investigation had been commenced, *sua sponte,* based upon his alleged failure to register as an attorney. The Grievance Committee requested his written answer within 15 days. The respondent submitted an undated letter in which he did not mention the registration requirement but concluded that he did not practice law and did not represent himself as a practicing lawyer.

The Grievance Committee sent the respondent a follow-up letter by certified mail, on July 3, 1995, requesting a written answer along with an explanation of his failure to cooperate, by July 12, 1995. The letter warned of the possibility of suspension for failure to cooperate. The respondent failed to answer. On July 25, 1995, the Office of Court Administration (hereinafter OCA) advised the Grievance Committee that the respondent had still not registered.

On July 31, 1995 and August 4, 1995, the Grievance Committee's investigator went to the respondent's residence with a note to telephone the Grievance Committee. The respondent failed to call.

The Grievance Committee issued a Letter of Admonition, dated September 22, 1995, based on the respondent's failure to register and directed him to register, retire, or resign within 30 days. The letter was sent by certified mail and was returned "unclaimed" on November 6, 1995. A copy of the letter was also sent via regular mail.

On November 6, 1995, the respondent returned the call of the Grievance Committee investigator and claimed that he had

been in touch with OCA. The respondent failed to comply with the request to send a copy of his registration form and check to the Grievance Committee.

On December 15, 1995, the Grievance Committee sent the respondent a form for resignation from the Bar. The respondent never submitted a resignation. On March 5, 1996, OCA advised the Grievance Committee that the respondent had never registered. The Grievance Committee thereafter moved for his suspension. On April 9, 1996, the return date of the Grievance Committee's motion, the respondent informed the Court that he could not appear. The respondent was informed by a Deputy Clerk of this Court that a personal appearance was not necessary but that it was important that he submit a written answer to the order to show cause. The respondent failed to submit any papers in response.

By failing to register as an attorney and to pay the required fees, the respondent has violated Judiciary Law § 468-a since approximately March 1982 and has thereby violated Code of Professional Responsibility DR 1-102 (A) (1), (5) and (8) (22 NYCRR 1200.3 [a] [1], [5], [8]).

Based on the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has failed to cooperate with the Grievance Committee's investigation since April 1993. In the interim, the respondent has not heeded a Letter of Admonition issued in September 1995, which directed him to register, retire, or resign within 30 days. Subsequently, the respondent did not respond to the Grievance Committee's order to show cause which resulted in his suspension. In view of his continued refusal to pay his registration arrears or to respond to the Grievance Committee, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David M. Weiss, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David M. Weiss shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, David M. Weiss is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.